**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **CHARLIE ARNOLD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO 05-0396-CG-D** |
| ) | |
| **JO ANNE B. BARNHART,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

**REPORT AND RECOMMENDATION**

Plaintiff brought this action under 42 U.S.C. § 405(g) and § 1383(c)(3) seeking judicial review of the denial of his claim for benefits under Title II and Title XVI of the Social Security Act for the period of time between March 23, 1992 and February 6, 1997. (Doc. 1; Doc. 10, Exhibits 1 & 2; Doc. 4, Affidavit of John J. Timlin, Acting Chief of Court Case Preparation and Review Branch IV of the Office of Appellate Operations, Office of Hearings and Appeals, Exhibits 3 & 4).

This matter is now before the court on defendant's motion to dismiss plaintiff's complaint wherein defendant alleges that this court lacks subject matter jurisdiction because plaintiff did not exhaust his administrative remedies. (Doc. 4). Defendant argues that because plaintiff appealed from a decision of the Appeals Council to deny review of the ALJ's decision to dismiss plaintiff's request for an administrative hearing, and not from a final decision of the Commissioner of Social Security after a hearing as required by 42 U.S.C. § 405(g), this court lacks jurisdiction to address the complaint. (Doc. 4).

Plaintiff responds that this court has jurisdiction and should deny defendant's motion,

order her to file an answer and transcript, and hear his claim on the merits. (Doc. 10). Plaintiff responds that he has raised a colorable due process claim such that would overcome the defendant's argument that he failed to exhaust his administrative remedies. (Doc. 10). Plaintiff also responds that his request for an administrative hearing was timely filed on June 26, 2003 because it was filed within sixty days of June 20, 2003, the date of his receipt of notice of the reconsideration determination. (Doc. 10).

Defendant filed a reply to the response wherein she reiterates that the Commissioner's dismissal of plaintiff's request, which was binding because it was not vacated by the Appeals Council, was not a final decision made after a hearing and thus not subject to judicial review. (Doc. 11). Defendant also replies that plaintiff's right to due process has not been denied because the ALJ is not required to notify a claimant as to what issues will be addressed at the hearing until after the ALJ has set the matter for hearing: a circumstance which did not occur because the request for hearing was properly dismissed. (Doc. 11).

This action was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B). Upon consideration, it is recommended that the Commissioner's motion to dismiss (Doc. 10) be granted**.**

**Findings of Fact**

1. Plaintiff filed his third application for disability benefits on May 16, 1995 alleging an onset date of March 23, 1992. (Doc. 10, Exhibits 1 & 2). On or about December 18, 1997, plaintiff was notified that he had met the medical requirements for disability and that a decision would be forthcoming as to the non-medical requirements. (Doc. 10, Exhibit 13). On February

8, 1998, plaintiff was notified that he had been found disabled with an onset date of February 6, 1997, instead of March 23, 1992, and benefits were awarded. (Doc. 4, Affidavit, Exhibit 1).

2. Plaintiff filed a timely request for reconsideration of the onset date on March 17, 1998. (Doc. 4, Affidavit, Exhibit 2; Doc. 10, Exhibit 17). On August 18, 1998, the Social Security Administration (SSA) issued a reconsideration determination and affirmed the prior decision. (Doc. 4, Affidavit, Exhibit 4).

3. Plaintiff and his attorney deny receipt of the reconsideration determination, stating that

> his staff contacted the SSA on a regular basis. These contacts did not produce a ruling on Arnold's "Request". Instead they produced nothing, or alarming news about inability to tell us what was going on, or the failure to find us listed as his attorney. We received promises to find out definitively what was going on without any follow through. We never did learn what the status of the "Request" was until June, 2003.

(Doc. 10, p. 2-3; see also Exhibit 29, plaintiff's affidavit; Exhibit 30, plaintiff's attorney's affidavit; Exhibit 31, plaintiff's attorney's paralegal's affidavit).

4. On August 25, 1999, plaintiff's attorney faxed a letter to Edward W. Sommers III, an operations supervisor at the SSA, regarding the status of the request for reconsideration. (Doc. 10, Exhibit 19). In the letter, plaintiff's attorney outlined his staff's attempts to obtain information about the status of plaintiff's case. (Doc. 10, Exhibit 19).[1]

5. On October 1, 1999, Sommer responded by letter addressed to plaintiff's attorney and

---

[1] In this letter, plaintiff's attorney wrote that his secretary was told November 9, 1998, that the claim was still pending and that no decision had been made. He also wrote that on August 23, 1999, his secretary was told by an SSA employee that the computer records did not show that a request for reconsideration had been filed and suggested contacting the local office which suggested a letter to Sommers.(Doc. 10, Exhibit 19).

reported that the reconsideration determination had been issued August 18, 1998. (Doc. 4, Affidavit, Exhibit 5). Sommer also wrote that "[t]he file was properly documented that you were the attorney of record and indicates you were sent a copy of the final notice." (Id.) The letter does not indicate that a copy was sent to plaintiff. (Id.). Plaintiff and his attorney deny receipt of this letter. (Doc. 10, Exhibit 29, plaintiff's affidavit; Exhibit 30, plaintiff's attorney's affidavit; Exhibit 31, paralegal's affidavit).

      6. Plaintiff's attorney states that he first became aware of the October 1, 1999 letter from Sommers because it was mentioned in the ALJ's December 22, 2004 decision. (Doc. 10, Exhibit 30, p.2). Plaintiff's attorney also states that he first saw the letter when he received it from the Appeals Council by fax on January 24, 2005. (Doc. 10, Exhibit 30, p.2). [2]

      7. On March 20, 2000, plaintiff's attorney's secretary wrote a letter to O. Edwards at the local SSA office referencing a telephone conversation of March 17, 2000 wherein they discussed that the last correspondence in plaintiff's attorney's file was the letter faxed to Sommers and dated August 25, 1999. (Doc. 10, Exhibit 20).

      8. There is no documentation of any contact by plaintiff or his attorney to SSA for the time period from March 20, 2000 until June 18, 2003.

      9. On June 18, 2003, plaintiff's attorney spoke by telephone with Greg Sweeney at the SSA and requested a copy of the reconsideration determination. Plaintiff's attorney made a note in his file that Sweeney "will send copy of 'decision'" and "never sent to client or me according to file." (Doc. 10, Exhibit 21). On June 20, 2003, plaintiff's attorney received a copy of the

---

[2] The letter is stamped received by the Office of Hearings and Appeals on November 18, 2004. (Doc. 4, Exhibit 5).

reconsideration determination with a cover letter from Linda Davis, Field Office Manager. (Doc. 10, Exhibit 22). In his affidavit, plaintiff's attorney states that "[a]fter numerous inquiries I finally contacted Mr. Greg Sweeney, a local Social Security representative that I was personally familiar with . . . He told me that he could tell from the file that the customary reconsideration denial notice document had never been forwarded to me or to my client, Mr. Arnold." (Doc. 10, Exhibit 30). In his response, plaintiff's attorney states that "Mr. Sweeney reassured me greatly by telling me that the file indicated that Arnold and I had <u>not</u> been sent copies of the denial. I asked that he send me copies. It is significant that he made no mention of any Sommer letter of October 1, 1999 to me. I certainly would have requested a copy of it had I learned from him of its existence." (Doc. 10, p. 3-4) (underlining in original). A copy of the letter from Sommer was not included with the copy of the reconsideration determination sent by Davis on June 20, 2003. (Doc. 10, p.4).

10. Plaintiff's attorney states that on June 26, 2003, plaintiff filed a request for a hearing before an ALJ. (Doc. 10, Exhibit 23, p.3). Plaintiff provided a copy of the hearing request and a cover letter addressed to the Office of Hearings and Appeals (OHA) in Mobile, Alabama. (Doc. 10, Exhibit 23, p.1-2).

11. Defendant states that plaintiff filed a request for a hearing before an ALJ on November 18, 2004. (Doc. 4, Affidavit, Exhibit 3). Defendant provided a copy of the request which indicates that it was stamped received by the OHA on November 18, 2004 and shows a fax header indicating it was faxed on November 5, 2004 from plaintiff's attorney. (Doc. 4, Affidavit, Exhibit 3).

12. The ALJ stated that plaintiff filed a request for an administrative hearing on June 26,

5

2003. (Doc. 4, Affidavit, Exhibit 6).

13. On December 22, 2004, the ALJ dismissed plaintiff's request for hearing. (Doc. 4, Affidavit, Exhibit 6). In his decision, the ALJ found plaintiff filed a request for hearing on June 26, 2003. (Id.) He also found as follows:

> The claimant, by and through his attorney, alleges that he did not receive notice of the reconsideration determination, and that as soon as he learned of the reconsideration determination, he filed his request for hearing. The request for hearing was filed approximately five years after the reconsideration determination was issued.
>
> The [ALJ] finds that good cause does not exist to extend the filing deadline. First and foremost, the reconsideration determination shows that both the claimant and his attorney were mailed a copy of the reconsideration determination on August 18, 1998. The reconsideration determination has the correct address listed for both the claimant and his attorney. There is no indication that the reconsideration determination was returned as undeliverable. Furthermore, on October 1, 1999, an operations supervisor from the Mobile District Office sent the claimant's attorney a letter. The letter stated that a reconsideration determination had been issued in the claimant's case on August 18, 1998. Thus, even if the claimant or his attorney did not receive the reconsideration determination, the claimant's attorney learned in October 1999, that such a determination had been made. The claimant did not file a request for hearing until June 26, 2003. This was approximately three years and 10 months after the letter to the claimant's attorney.
>
> The Social Security Regulations provide that the [SSA] will consider certain factors when determining whether good cause exists for missing a deadline to request review (20 CFR § 404.911). The claimant's failure to timely file an appeal does not meet any of these factors. In particular, the claimant was represented by an attorney during the appeal time. Moreover, even if the claimant's allegations are found to be fully credible, the claimant still waited over three years before filing a request for hearing.
>
> Accordingly, there is no good cause to extend the time for filing. The claimant's request for hearing is hereby dismissed. The reconsideration determination dated August 18, 1998 remains in effect.

(Doc. 4, Affidavit, Exhibit 6).

14. Plaintiff timely requested review by the Appeals Council and on May 2, 2005, the

Appeals Council stated as follows:

> We have found no reason under our rules to review the Administrative Law Judge's dismissal. Therefore, we have denied your request for review. . . .
>
> We applied the laws, regulations and rulings in effect as of the date we took this action. Under our rules, we will review your case for any of the following reasons: The [ALJ] appears to have abused his or her discretion[;] There is an error of law[;] The decision is not supported by substantial evidence[;] There is a broad policy or procedural issue that may affect the public interest[; or] We receive new and material evidence and the decision is contrary to the weight of all the evidence now in the record. . . .
>
> In looking at your case, we considered the reasons you disagree with the dismissal.
>
> We found that this information does not provide a basis for changing the [ALJ's] dismissal. The [ALJ] considered both the fact that notices of your reconsideration determination were correctly addressed to you and your representative and the fact that a letter dated October 1, 1999, was sent to your representative [] of the status of your case. Although it may be correct that the reconsideration [] notices were never released to you and your counsel, it seems highly unlikely that the October 1999 letter, which was correctly addressed, was not received in your representative's office. The [ALJ] considered this as a strong factor in his Order, and the Appeals Council is of the opinion that his reliance on the critical nature of this letter was not misplaced.[3]

(Doc. 4, Affidavit, Exhibit 7). Plaintiff filed his complaint in this court on July 5, 2005. (Doc. 1).

## Statement of the Law

The jurisdiction of this court to review actions taken by the SSA is governed by the first sentence of Section 205(g) of the Social Security Act (codified at 42 U.S.C. § 405(g)) as follows:

Any individual, after any final decision of the Commissioner of Social Security

---

[3] A portion of the last three sentences on the first page of the decision appears to have been occluded by a post-it note. (Doc. 4, Affidavit, Exhibit 7).

      made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commission may allow.

42 U.S.C. § 405(g). Section 405(h) addresses the finality of the Commissioner's decision and provides as follows:

      The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

      Our jurisprudence dictates that if a right to sue the United States is created by statute and the statute provides a specific remedy, that remedy becomes the exclusive method by which a claim may be brought. United States v. Babcock, 250 U.S. 328, 331 (1919). Therefore, judicial review under the Social Security Act is limited to a final decision of the Commissioner made after a hearing unless the plaintiff presents a colorable constitutional claim which is an exception to the exhaustion requirement. Weinberger v. Salfi, 422 U.S. 749, 764-67, 95 S.Ct. 2457, 2466-67 (1975);[4] Califano v. Sanders, 430 U.S. 99, 108, 97 S.Ct. 980, 986 (1977) (finding that § 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of

---

[4] "The term 'final decision' is not only left undefined by the Act but its meaning is left to the [Commissioner] to flesh out by regulations. (Footnote omitted) Section 405(l) accords the Secretary complete authority to delegate his statutory duties to officers and employees of the Department of Health, Education, and Welfare. The statutory scheme is thus one in which the Secretary may specify such requirements for exhaustion as he deems serve his own interests in effective and efficient administration." Weinberger, 422 U.S. at 766, 95 S Ct. At 2467.

the Secretary made after a hearing'" and holding that because the decision not to reopen a prior final determination could be made without a hearing, the decision was not subject to review by the federal courts unless the plaintiff presented a colorable constitutional claim); see also Brandyburg v. Sullivan, 959 F.2d 555, 558 (5th Cir. 1992) (finding that the court "must affirm the district court's dismissal unless Brandyburg has raised a colorable constitutional claim.").

The regulations provide that plaintiff must file a hearing request within sixty (60) days of receipt of the notice of the previous determination or decision "or within the extended time period if [the SSA will] extend the time as provided in paragraph (c) of this section". 20 C.F.R. § 404.933(a). Paragraph (c) sets forth as follows:

> (c) Extension of time to request a hearing. If you have a right to a hearing but do not request one in time, you may ask for more time to make your request. The request for an extension of time must be in writing and it must give the reasons why the request for a hearing was not filed within the stated time period. You may file your request for an extension of time at one of our offices. If you show that you had good cause for missing the deadline, the time period will be extended. To determine whether good cause exists, we use the standards explained in §404.911.

20 C.F.R. § 404.933.[5]

---

[5] "Good cause for missing the deadline to request review. (a) In determining whether you have shown that you had good cause for missing a deadline to request review we consider– (1) What circumstances kept you from making the request on time; (2) Whether our action misled you; (3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and (4) Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review. (b) Examples of circumstances where good cause may exist include, but are not limited to, the following situations: (1) You were seriously ill and were prevented from contacting us in person, in writing, or through a friend, relative, or other person. (2) There was a death or serious illness in your immediate family. (3) Important records were destroyed or damaged by fire or other accidental cause. (4) You were trying very hard to find necessary information to support your claim but did not find the information within the stated time periods. (5) You asked us for additional information

Receipt of notice is presumed to occur five days after the date on the notice unless plaintiff provides evidence otherwise. 20 C.F.R. § 404.901 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period."). Also, notice sent to a plaintiff's attorney or representative "will have the same force and effect as if it had been sent to" the plaintiff. 20 C.F.R. § 404.1715(b).

Social Security applicants have a right conferred by 42 U.S.C. § 405(b)(1) to "'reasonable notice and *opportunity* for a hearing'" before an ALJ following an unfavorable decision but not an absolute guarantee of a hearing.[6] Brandyburg, 959 F. 2d at 560 (emphasis in original)). Consequently, the regulations allow an ALJ to dismiss a request for a hearing if certain limited circumstances exist. Id. at 560-561.  Relevant to this case, the ALJ may "decide[] that there is cause to dismiss a hearing request entirely or to refuse to consider any one or more

---

explaining our action within the time limit, and within 60 days of receiving the explanation you requested reconsideration or a hearing, or within 30 days of receiving the explanation you requested Appeal Council review or filed a civil suit. (6) We gave you incorrect or incomplete information about when and how to request administrative review or to file a civil suit. (7) You did not receive notice of the determination or decision. (8) You sent the request to another Government agency in good faith within the time limit and the request did not reach us until after the time period had expired. (9) Unusual or unavoidable circumstances exist, including the circumstances described in paragraph (a)(4) of this section, which show that you could not have known of the need to file timely, or which prevented you from filing timely."
20 C.F.R. § 404.911.

[6] "The Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter. . . . Upon request . . . the Commissioner shall give such applicant and such other individual reasonable notice and opportunity for a hearing with respect to such decision, and, if a hearing is held, shall, on the basis of evidence adduced at the hearing, affirm, modify, or reverse the Commissioner's findings of fact and such decision. Any such request with respect to such a decision must be filed within sixty days after notice of such decision is received by the individual making such request." 42 U.S.C. § 405(b)(1).

of the issues because [plaintiff] did not request a hearing within the stated time period and [the SSA has] not extended the time for requesting a hearing under § 404.933(c)[.]" 20 C.F.R. § 404.957(c)(3).

The regulations provide for Appeals Council review of an ALJ's decision to dismiss a request for a hearing. 20 C.F.R. § 404.967 ("If you or any other party is dissatisfied with the hearing decision or with the dismissal of a hearing request, you may request that the Appeals Council review that action."). [7] Also, either the ALJ or the Appeals Council may vacate the decision to dismiss the hearing request. 20 C.F.R. § 404.960 ("An administrative law judge or the Appeals Council may vacate any dismissal of a hearing request if, within 60 days after the date you receive the dismissal notice, you request that the dismissal be vacated and show good cause why the hearing request should not have been dismissed. The Appeals Council itself may decide within 60 days after the notice of dismissal is mailed to vacate the dismissal. The Appeals Council shall advise you in writing of any action it takes.")

## Conclusions of Law

This court must first determine whether a final decision after a hearing as required by §405(g) has been entered.  If so, then this court has jurisdiction under the section to hear plaintiff's complaint.  If not, then this court lacks jurisdiction, unless plaintiff can establish a colorable constitutional claim. Sanders, 430 U.S. 99, 97 S.Ct. 980.  Other circuits, relying on

---

[7] See also 20 C.F.R. § 404.900(b)("If you are dissatisfied with our decision in the review process, but do not take the next step within the stated time period, you will lose your right to further administrative review and your right to judicial review, unless you can show us that there was good cause for your failure to make a timely request for review.")

Sanders, have held that an ALJ's dismissal of an untimely request for an administrative hearing is not a final decision made after a hearing and therefore, the court does not have subject matter jurisdiction under 42 U.S.C. § 405(g) to review such a dismissal.  Hilmes v. Secretary of Health & Human Services, 983 F.2d 67, 69-70 (6th Cir. 1993); White v. Schweiker, 725 F.2d 91, 93-94 (10th Cir. 1984); see also Hoye v. Sullivan, 985 F.2d 990, 991 (9th Cir.1992) (claimant's refusal to attend administrative hearing constituted a failure to "exhaust the administrative remedy upon which judicial review depends.")

At present, it does not appear that the Eleventh Circuit has published an opinion on the issue of whether this court has subject matter jurisdiction to review the ALJ's dismissal of a claimant's request for an administrative hearing because it was not timely filed.  However, the Court has, consistent with the Sixth and Tenth Circuit Courts of Appeal, addressed generally the issue of when subject matter jurisdiction is present.  For example in Holland v. Heckler, 764 F.2d 1560 (11th Cir. 1985), the Eleventh Circuit found that an ALJ's dismissal of a case on grounds of *res judicata* was not subject to review unless plaintiff presented a colorable constitutional claim. See also Elchediak v. Heckler, 750 F.2d 892 (11th Cir. 1985) (discussing colorable constitutional claims in a res judicata case).  Also, in Loudermilk v. Barnhart, 290 F.3d 1265 (11th Cir. 2002) the Eleventh Circuit found that the claimant failed to establish a colorable constitutional claim such that would give the courts jurisdiction after a denial of plaintiff's request to reopen his initial application.  See also Wolfe v. Chater, 86 F.3d 1072, 1078 (11th Cir. 1996) ("Federal courts generally lack jurisdiction to review a decision by the Secretary to refrain from reopening a prior claim for benefits.")(citing Sanders, 430 U.S. at 107-09, 97 S.Ct. at

985-86).[8]

As previously stated, absent a final decision, this court may exercise subject matter jurisdiction only where there is a colorable constitutional claim. Sanders, 430 U.S. at 109, 97 S.Ct. at 986.  Plaintiff argues that his due process rights were denied on three grounds.[9]

Initially plaintiff states that his due process rights were denied because the SSA took almost three years to rule on his third application from which this case arose.  Plaintiff applied for benefits in May 1995 alleging an onset date of March 23, 1992.  In February 1998, the SSA notified plaintiff that he had been awarded benefits at the initial level with an onset date of February 6, 1997. (Doc. 4, p.2).  Plaintiff, of course, received back benefits from February 6, 1997, thus, plaintiff has failed to show how any delay was prejudicial.  In order to establish a due process violation, plaintiff must show prejudice.  Brown v. Shalala, 44 F. 3d 931, 934 (11th Cir. 1995) (Plaintiff must show that he is prejudiced before it is found that his due process rights have been violated to the extent that the case should be remanded for further development).  Therefore, the fact that the decision was rendered three years after the application does not state a colorable constitutional claim.

---

[8] Plaintiff cites Bloodsworth v. Heckler, 703 F.2d 1233 (11th Cir. 1983) for the proposition that this court has subject matter jurisdiction.  However, Bloodsworth is clearly distinguishable because it involved the claimant's inadvertent failure to file a timely appeal of the hearing decision to the Appeals Council and the Appeals Council's dismissal of the request for review, id. at 1235, whereas in the present case, an administrative hearing was never held.

[9] Plaintiff also states that his due process rights were denied because the SSA twice lost his file while reviewing his first and second applications.  It appears that he has provided this information to show that his client has a lengthy history of due process problems with the SSA.  However, those applications did not proceed to the administrative hearing level and are not before this court.  Thus, they do not form the basis of a colorable constitutional claim in this case.

Next plaintiff states that his due process rights were denied because the SSA failed to inform plaintiff or his attorney of the August 18, 1998 reconsideration determination denying his claim until June 20, 2003, almost five years later, despite repeated requests by his attorney. Plaintiff also states that the SSA failed to mail plaintiff's attorney the Sommer letter dated October 1, 1999, which would have informed plaintiff's attorney that plaintiff's claim had been denied on reconsideration in August 1998. (Doc. 10).

Plaintiff seeks to rebut the presumption of delivery with his affidavit, his attorney's affidavit, and his attorney's paralegal's affidavit, wherein they state that the August 1998 notice of reconsideration determination and the October 1, 1999 letter were never received. Also, in his response to the motion to dismiss, signed by plaintiff's attorney and subject to the requirements of Rule 11 of the Federal Rules of Civil Procedure, his attorney identifies the repeated steps taken to obtain information about the status of the reconsideration. Plaintiff's attorney argues that his actions support an inference that he did not receive either the notice or the letter because he continued to pursue the information until it was received June 20, 2003, at which time he rapidly filed a request for hearing before an ALJ on June 26, 2003. Plaintiff's attorney also offers his notes from the June 18, 2003 telephone conversation with Sweeney which indicates that Sweeney told him that the SSA file showed that the reconsideration determination was not mailed to him or his client. As support, plaintiff points to the Appeals Council's finding that it "may be correct that the reconsideration [] notices were never released to you and your counsel". (Doc. 10, Exhibit 21).[10]

---

[10] Plaintiff asserts that the Appeals Council's conceding that it appeared the August 1998 notice had not been sent supports his statement that SSA employee Sweeney told his attorney that the record showed the reconsideration determination had not been sent. (Doc. 10). In that

As stated previously, the ALJ and Appeals Council determined that plaintiff did receive notice of reconsideration by at least the October 1, 1999 letter.  Thus, plaintiff's objection and argument is entirely based on the factual findings of the ALJ and Appeals Council.   In other words, plaintiff disagrees with the factual findings of the SSA.  While plaintiff appears to have significant evidence to show that he did not receive the notice of reconsideration, such an argument does not state a constitutional claim.   This court does not have subject matter jurisdiction to consider whether the factual findings of the SSA regarding receipt of notice are supported by substantial evidence.  The court only has subject matter jurisdiction to consider a colorable constitutional claim.  In order to reach a possible due process claim, i.e. no receipt of the notice of reconsideration, this court would first have to determine that the ALJ's and Appeals Council's factual findings were in error.  The law does not allow for such review.  Moreover, it is not enough to simply call your claim a due process violation in order to invoke the review.  See Robertson v. Bowen, 803 F.2d 808, 809 (5th Cir. 1986) ("We agree with our colleagues of the Fourth Circuit that '[i]f the mere allegation of a denial of due process can suffice to establish subject-matter jurisdiction, then every decision of the Secretary would be reviewable by the inclusion of the [magic] words....'" citing Holloway v. Schweiker, 724 F.2d 1102, 1105 (4th Cir.

---

regard, the Appeals Council found as follows:

> Although it may be correct that the reconsideration [] notices were never released to you and your counsel, it seems highly unlikely that the October 1999 letter, which was correctly addressed, was not received in your representative's office. The [ALJ] considered this as a strong factor in his Order, and the Appeals Council is of the opinion that his reliance on the critical nature of this letter was not misplaced.

(Doc. 4, Affidavit, Exhibit 7).

1984)). Thus, plaintiff's argument, which he has supported with significant evidence, that he did not receive the notice of reconsideration does not state a colorable constitutional claim.

Plaintiff also argues that he has been denied due process because the ALJ dismissed his request for an administrative hearing as untimely without giving plaintiff notice and an opportunity for a hearing before the ALJ on the issue of whether his request for an administrative hearing was delayed for good cause. (Doc. 10). In support plaintiff references 20 C.F.R. § 404.938[11] and 404.946(b).[12] However, neither the Social Security Act nor the regulations provide for a hearing to consider whether good cause exists to dismiss a request for an administrative hearing. Instead, the regulations provide for limited circumstances delineated at § 404.957(c)[13] which protect a claimant from an arbitrary decision by identifying the

---

[11] Section 404.938, captioned "Notice of a hearing before an administrative law judge", sets forth in part as follows: "(a) Issuing the notice. After the [ALJ] sets the time and place of the hearing, we will mail notice of the hearing to you . . . (b) Notice information. The notice of hearing will contain a statement of the specific issues to be decided and tell you that you may designate a person to represent you during the proceedings." 20 C.F.R. § 404.936.

[12] Plaintiff relied upon the section addressing new issues, apparently taking the position that the ALJ's decision to consider good cause to dismiss the request was a new issue. Section 404.946, captioned "Issues before an administrative law judge", sets forth, in pertinent part, as follows: "(b) New issues– (1) General. The [ALJ] may consider a new issue at the hearing if he or she notifies you and all the parties about the new issue any time after receiving the hearing request and before mailing notice of the hearing decision. The [ALJ] or any party may raise a new issue; an issue may be raised even though it arose after the request for a hearing and even though it has not been considered in an initial or reconsidered determination. . . . (2) Notice of a new issue. The [ALJ] shall notify you and any other party if he or she will consider any new issue. Notice of the time and place of the hearing on any new issues will be given in the manner described in § 404.938, unless you have indicated in writing that you do not wish to receive the notice." 20 C.F.R. § 404.936.

[13] Section 404.957, entitled "Dismissal of a request for a hearing before an administrative law judge" sets forth as follows:

> An [ALJ] may dismiss a request for a hearing under any of the following conditions: . . .

16

circumstances in which the ALJ has discretion to dismiss a request for a hearing. As defendant points out, the regulations cited by plaintiff apply <u>after</u> the ALJ has set a hearing.

Upon review of plaintiff's claims the undersigned concludes that he has failed to raise a colorable constitutional claim. Section 405(b)(1) guarantees a plaintiff who has received an unfavorable determination of disability a "reasonable notice and *opportunity* for a hearing", but the guarantee does not extend to an ALJ's dismissal of a request for a hearing which was made within the parameters of the regulations promulgated by the SSA to administer such situations. See Brandyburg, 959 F. 2d at 561 ("The authorization of dismissals in section 416.1457(b)(1) is therefore not inconsistent with the statute's guarantee of an opportunity for a hearing. And at least where, as here, the claimant does not allege any facts showing a *violation* of the regulations requirements, (*e.g.,* that the ALJ dismissed in a situation not authorized by the regulations or that [the ALJ] failed to give the claimant the required notice (footnote omitted) but merely objects to the ALJ's determination to dismiss the request for hearing, a district court's refusal to accept

---

> (c) The [ALJ] decides that there is cause to dismiss a hearing request entirely or to refuse to consider any one or more of the issues because--
> (1) The doctrine of res judicata applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action;
> (2) The person requesting a hearing has no right to it under § 404.930;
> (3) You did not request a hearing within the stated time period and we have not extended the time for requesting a hearing under § 404.933(c); or
> (4) You die, there are no other parties, and we have no information to show that another person may be adversely affected by the determination that was to be reviewed at the hearing. However, dismissal of the hearing request will be vacated if, within 60 days after the date of the dismissal, another person submits a written request for a hearing on the claim and shows that he or she may be adversely affected by the determination that was to be reviewed at the hearing.

20 C.F.R. § 404.957(c).

jurisdiction also does not undermine the statutory guarantee (footnote omitted)"). Plaintiff's inability to present evidence to the ALJ to rebut the presumption that he had not received notice until June 2003 is not a constitutional claim, but rather is directed to the merits of an argument that the ALJ improperly found no good cause for the late filing.

Moreover, plaintiff had two opportunities to meaningfully present his good cause argument and thus obtain his administrative hearing. First, he presented his argument regarding the lack of receipt of notice to the ALJ in the cover letter with his request for hearing and second in the brief to the Appeals Council. The fact that neither agreed with plaintiff's good cause argument does not create a colorable constitutional claim of deprivation of due process. For this court to address whether the ALJ erred by failing to find plaintiff established good cause to extend his deadline would be the equivalent of accepting jurisdiction over this case and reviewing the merits of the ALJ's decision. As previously discussed, the ALJ's decision for which the Appeals Council has denied review, is now binding on plaintiff and not subject to judicial review.

## Conclusion

The undersigned recommends that this court find that it lacks subject matter jurisdiction in this case on the basis that the ALJ's dismissal of plaintiff's hearing request as untimely and the Appeals Council's denial of review of that decision, does not constitute a final decision made after a hearing as contemplated in 42 U.S.C. §405(g). Further, the undersigned recommends that this court find plaintiff has failed to raise a colorable constitutional claim. Accordingly, it is recommended that defendant's motion to dismiss be granted and this action be **dismissed.**

The attached sheet contains important information regarding objections to this <u>report and recommendation.</u>

**DONE** this the 7th day of December, 2005.

> <u>s / Kristi K. DuBose</u>
> **KRISTI K. DuBOSE**
> **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

       s / Kristi K. DuBose
**UNITED STATES MAGISTRATE JUDGE**