IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **CHARLIE ARNOLD,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **CIVIL ACTION NO. 05-0396-CG-C** |
| **JO ANNE B. BARNHART,** **Commissioner of Social Security,** | ) ) ) ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the court on the Report and Recommendation of the Magistrate Judge (Doc.12), and plaintiff's objection thereto (Doc. 15). After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the recommendation to which objection is made, the court agrees with the recommendation of the Magistrate Judge that the case should be dismissed for lack of jurisdiction.

The Magistrate Judge first found that the Commissioner did not render a final decision after a hearing as specified by 42 U.S.C. § 405(g) when it dismissed plaintiff's request for an administrative hearing as untimely. As such, this courts lacks jurisdiction unless plaintiff can establish a colorable constitutional claim. Califano v. Sanders, 430 U.S. 99, 97 S.Ct. 980 (1977). The Magistrate Judge found that plaintiff had not established a colorable constitutional claim and recommended that the court grant defendant's motion to dismiss this action.

Plaintiff objects to the Magistrate's conclusion, asserting that the dismissal of plaintiff's request for an administrative hearing is clearly arbitrary and that "it is evident that [plaintiff]

1

was denied due process of law." Plaintiff argues that the court should apply the rationale of Bloodsworth v. Heckler, 703 F.2d 1233 (11th Cir. 1983) to the facts of this case. The Bloodsworth Court held that there was judicial review of an Appeals Council decision denying an untimely appeal from an ALJ hearing. Id. at 1239. The Bloodsworth Court stated that the "decision not to review finalizes the decision made after a hearing by the administrative law judge, fulfilling the statutory requirements of section 405(g)." Id. at 1239. However, "numerous circuit courts, following [an earlier Supreme Court case, Califano v.] Sanders, have held that administrative determinations not to extend time are not subject to judicial review." Stone v. Heckler, 778 F.2d 645, 647 (11th Cir. 1985) (citations omitted). The Eleventh Circuit has not overturned Bloodsworth, but limited its holding to the specific facts of that case. See Stone, 778 F.2d at 648. In this case, the ALJ denied plaintiff's request for a hearing and plaintiff timely requested review by the Appeals Council. The Appeals Council found no basis for changing the ALJ's dismissal. Conversely, Bloodsworth concerned the untimely appeal to the Appeals Council from the ALJ's decision. Such circumstances are not present here. As noted by the Magistrate Judge, other circuits have held that an ALJ's dismissal of an untimely request for an administrative hearing is not a final decision made after a hearing. (Doc. 12, p. 12, citing Hilmes v. Secretary of Health & Human Services, 983 F.2d 67, 69-70 (6th Cir. 1993); White v. Schweiker, 725 F.2d 91, 93-94 (10th Cir. 1984); see also Hoye v. Sullivan, 985 F.2d 990, 991 (9th Cir. 1992)). This court agrees with the reasoning of the other circuits.

The court also finds that plaintiff has not established a colorable constitutional claim. As stated by the Magistrate Judge, plaintiff has not shown any prejudice in the delay in the decision since plaintiff received back benefits to the date he was determined to be disabled.

Plaintiff disagrees with the ALJ's finding that plaintiff's counsel received notice of the reconsideration determination in October 1999. However, the court agrees with the Magistrate Judge that such an argument does not state a constitutional claim. Because the requisites of § 405(g) have not been met, the court does not have jurisdiction to consider whether the ALJ's decision is supported by substantial evidence unless plaintiff has established a colorable constitutional claim. Plaintiff has not established a colorable constitutional claim. Therefore, the court will adopt the Magistrate Judge's recommendation that the court grant defendant's motion to dismiss this action.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the recommendation to which objection is made, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated December 7, 2005 is **ADOPTED** as the opinion of this court and this case is hereby **DISMISSED**.

**DONE and ORDERED** this 21st day of July, 2006.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE